**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4318**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

JACINTO BRACMORT,

            Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Deborah K. Chasanow, Chief District Judge.   (8:10-cr-00249-DKC-6)

Submitted:  November 27, 2012       Decided:  December 13, 2012

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua R. Treem, Emily L. Levenson, SCHULMAN, TREEM & GILDEN, P.A., Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Adam K. Ake, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In August 2011, a jury convicted Jacinto Bracmort of conspiracy to distribute and to possess with intent to distribute cocaine base and phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 841, 846 (2006). Bracmort was sentenced to 120 months' imprisonment and five years' supervised release. In this appeal, Bracmort assigns error to the district court's denial of a requested jury instruction and the court's failure to make specific factual findings relevant to the drug quantities attributable to him for sentencing purposes. For the reasons that follow, we affirm the judgment.

In his challenge to his conviction, Bracmort argues the district court abused its discretion in denying his request for a jury instruction on multiple conspiracies. "We review the district court's decision to give or refuse to give a jury instruction for abuse of discretion." United States v. Sarwari, 669 F.3d 401, 410-11 (4th Cir. 2012) (internal quotation marks omitted).

> A district court will be reversed for declining to give an instruction proposed by a party only when the requested instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired that party's ability to make its case.

Noel v. Artson, 641 F.3d 580, 586 (4th Cir.) (internal quotation marks omitted), cert. denied, 132 S. Ct. 516 (2011).

"A court need only instruct on multiple conspiracies if such an instruction is supported by the facts." United States v. Mills, 995 F.2d 480, 485 (4th Cir. 1993). Thus, "[a] multiple conspiracy instruction is not required unless the proof at trial demonstrates that appellant[] [was] involved only in separate conspiracies unrelated to the overall conspiracy charged in the indictment." United States v. Squillacote, 221 F.3d 542, 574 (4th Cir. 2000) (internal quotation marks and emphases omitted). We have previously explained "that a single conspiracy exists[] when the conspiracy had the same objective, it had the same goal, the same nature, the same geographic spread, the same results, and the same product." United States v. Jeffers, 570 F.3d 557, 567 (4th Cir. 2009) (internal quotation marks and alteration omitted).

Based on our review of the record in its present form, we conclude that the evidence adduced at trial established that Bracmort, cooperating witness Ricky Moore, and co-defendant Rico Toliver were part of a "loosely-knit association of members linked only by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market" — here, the area in and around Prince George's County, Maryland. United States v. Banks, 10 F.3d

3

1044, 1054 (4th Cir. 1993). Specifically, beginning in late 2009, Moore and Toliver became partners in a common enterprise of distributing and possessing with the intent to distribute cocaine base and PCP. After obtaining drugs from Toliver and co-conspirator Darrell Banks, Moore would sell these drugs to Bracmort and others. Moore frequently and consistently supplied PCP to Bracmort, which Bracmort would either use or sell to others. Bracmort further aided the conspiracy by driving Moore to drug deals and by attempting to find potential buyers and sources.[*] Because the trial evidence established a single conspiracy rather than multiple smaller ones, we hold the district court did not abuse its discretion in denying defense counsel's request to instruct the jury on multiple conspiracies.

Bracmort also challenges his sentence, assigning error to the district court's failure to make specific factual findings relevant to the drug quantities attributed to him for sentencing purposes. According to Bracmort, given the jury's findings that less than 100 grams of PCP and less than 28 grams of cocaine base were attributable to him, the "court had an

---

[*] That the Government did not directly link Bracmort to Toliver simply is not legally significant. See United States v. Nunez, 432 F.3d 573, 578 (4th Cir. 2005) (explaining that "one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence" (internal quotation marks omitted)).

4

obligation to engage in fact finding to determine the specific amounts of drugs attributable to Mr. Bracmort." (Appellant's Br. at 15). And because the court did not make any factual determinations on this issue, Bracmort asserts the court lacked a sufficient basis for using the larger drug quantities for calculating his base offense level, thus resulting in the imposition of an unreasonable sentence. We disagree.

Generally, this court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error," United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted), and will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and alteration omitted). However, because he did not object to the district court's failure to make specific factual findings regarding the attributable drug quantities, Bracmort's claim is reviewed for plain error. United States v. Blatstein, 482 F.3d 725, 731 (4th Cir. 2007).

Pursuant to Fed. R. Crim. P. 32(i)(3)(A), the sentencing court "may accept any undisputed portion of the

presentence report as a finding of fact." Given Bracmort's undisputed failure to object to the probation officer's recommendation as to the drug quantities attributable to him, we discern no error, let alone plain error, in the district court's reliance on the presentence report to support this factual determination.

We further reject Bracmort's contention that the court was obligated to make express factual findings — even in the absence of an objection to the presentence report — because the attributable drug quantities were greater than those found by the jury. The jury's findings that Bracmort was accountable for less than 28 grams of crack cocaine and less than 100 grams of PCP, made under a reasonable doubt standard, were relevant to whether Bracmort would be subject to the enhanced statutory sentencing provisions applicable to crimes involving larger quantities of narcotics. This is plainly distinct from the court's analysis of the attributable drug quantities as relevant to sentencing. See United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010) ("But beyond establishing the maximum sentence, the jury's drug-quantity determination placed no constraint on the district court's authority to find facts relevant to sentencing."). And as we further recognized in Young, the sentencing court is "free to consider . . . whether the government could establish a higher quantity under a

preponderance of the evidence standard." 609 F.3d at 357. To be sure, the <u>Young</u> court discussed the need, in such situations, for the sentencing court to "make relevant factual findings based on the court's view of the preponderance of the evidence." <u>Id.</u> However, in light of Bracmort's failure to object to the presentence report, the court sufficiently satisfied this duty by adopting the drug quantity determinations set forth therein. <u>Cf. United States v. Davis</u>, 679 F.3d 177, 180, 187 (4th Cir. 2012) (explaining that, where defendant objects to application of specific Guideline, the sentencing court must make factual findings as to disputed conduct). We thus reject this challenge to Bracmort's sentence.

For these reasons, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>